# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | \* |
| Appellee | \* |
| v. | \* Criminal No. **PJM 17-316** |
| **RODRIGUEZ DA MATHA DE SANTANNA,** | \* |
| Appellant. | \* |

## **MEMORANDUM OPINION**

Rodriguez Da Matha De Santanna (de Santanna), *pro se*, appeals Magistrate Judge DiGirolamo's June 12, 2017, judgment convicting him of various offenses. Having considered his brief and the Government's opposition, the Court **AFFIRMS** the judgment.

## I.    FACTUAL AND PROCEDURAL HISTORY

On January 13, 2017, United States Park Police Officer Manning stopped de Santanna for driving on the Baltimore Washington Parkway with what appeared to be counterfeit Texas tags. Officer Manning ultimately issued de Santanna four traffic citations, all class B misdemeanors, for: 1) falsifying a license plate; 2) failing to display a registration card upon demand; 3) unauthorized use of a registration plate; and 4) inserting false information onto a license plate. On May 5, 2017, de Santanna had his initial appearance, at which he waived his right to counsel and pled not guilty to all the offenses.

On June 12, 2017, de Santanna appeared for trial before Magistrate Judge DiGirolamo. Despite several warnings from Judge DiGirolamo that he should obtain counsel or allow one to be appointed, de Santanna again waived his right to counsel and proceeded to trial *pro se*.

-1-

At trial, the Government presented the testimony of Officer Manning, who testified that he stopped de Santanna after observing him driving with what appeared to be a laminated photograph of a temporary license plate from Texas. When Officer Manning asked for registration, de Santanna provided none. Upon closer examination, Officer Manning saw the tag was affixed to the car with both screws and brown tape. Further, the vehicle identification number (VIN-1) typed on the tag differed by a few characters from the vehicle identification number (VIN-2) that Manning saw was etched onto the car itself.

In addition to Officer Manning's testimony, the Government entered several exhibits into evidence, including: 1) the laminated paper tag; 2) a certified document from Texas showing that a vehicle with VIN-2 had been bought by de Santanna on January 25, 2017, twelve days after the encounter with Officer Manning; 3) a certified Texas record showing that a vehicle with VIN-1 had been purchased by someone other than de Santanna on October 27, 2016; 4) a certified Texas document showing that there was no record of a title being issued for the vehicle de Santanna was driving; and 5) a certified Maryland document showing that the Motor Vehicle Administration also had no record of his vehicle.

De Santanna did not testify at trial nor did he offer any evidence. He tried to suggest through cross-examination of Officer Manning that the tag-maker had made a mistake and that he (de Santanna) did not knowingly enter false registration information.

Judge DiGirolamo accepted the testimony of Officer Manning and found de Santanna guilty of unauthorized display and use of a registration plate, in violation of Md. Code Ann., Transp. § 13-703(g); and failure to display a registration card on demand, in violation of Md. Code Ann., Transp. § 13-409(b). He gave de Santanna "the benefit of the doubt" on the charge

of inserting false information onto the registration tag and found him not guilty on that charge. The Government dismissed the charge of fraudulently falsifying a registration plate.

As to the two charges of conviction, Judge Digirolamo fined de Santanna $250 on each charge, plus $10 special assessment, and $30 processing fee on each, totaling $580. De Santanna then filed the instant appeal.

## II. STANDARD OF LAW

"The standard of review on appeal from a conviction entered by a Magistrate Judge is well-settled. That is, his conclusions of law are subject to *de novo* review, while his findings of fact are reviewed only for clear error, just as would be the case were the matter on appeal from a District Court bench trial to a Court of Appeals." *United States v. Orme*, 851 F. Supp. 708, 709 (D. Md. 1994). The Court must view the facts in the light most favorable to the Government as the party prevailing below. *United States v. LaFlame*, 541 F. App'x 255, 256 (4th Cir. 2013). A district court must also defer to the trial court's credibility findings, "as it is that court's role to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *Id.* (internal citations omitted).

## III. ANALYSIS

De Santanna contests his convictions on the same grounds he attempted to argue before Judge DiGirolamo at trial. Specifically, he asserts that the tag-maker made an error with the VIN on the temporary tag and asks the Court to consider his good faith.[1] The court is unpersuaded. As the foregoing history illustrates, the evidence was more than sufficient to find de Santanna guilty of the offenses.

---

[1] Though de Santanna now attaches a receipt for Texas car registration, this document was not admitted at trial. In any event, as the Government notes, even if this Court were to consider this document, the date on the Texas registration document is January 25, 2017, twelve days *after* the incident, and obviously of no relevance.

Maryland Code of Transportation § 13-703(g) prohibits a person from displaying on a vehicle "any registration plate that is neither: (1) Issued for the vehicle; or (2) Otherwise lawfully used on or for the vehicle under this title." Officer Manning testified that de Santanna's vehicle had a photograph of a temporary plate with the incorrect VIN, and several exhibits submitted into evidence confirmed this. Indeed, the unrebutted evidence showed that de Santanna's vehicle was not registered in either Texas or Maryland on the date of the incident. De Santanna's argument that it was the tag-maker's fault and that he had a good driving record and some measure of unspecified "good faith" does not relieve him from liability under the statute.

Likewise, Maryland Code of Transportation § 13-409(b) requires "an individual who is driving or in control of a vehicle" to display a registration card on demand of a police officer. Judge DiGirolamo credited as reliable Officer Manning's testimony that he asked de Santanna for registration and he did not provide any. Again, de Santanna did not contest this or provide any evidence to the contrary.

Finally, there is no evidence to support de Santanna's allegations that the Government hid exhibits from him during the trial. Judge DiGirolamo provided de Santanna with an opportunity to review each exhibit introduced and state any objections for the record. He raised no objections at trial. Thus, based on the uncontradicted evidence presented at trial, Judge DiGirolamo did not clearly err in his factual findings and determination of guilt. The convictions and fines will stand.

## IV.    CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the judgment entered by Magistrate Judge DiGirolamo on June 12, 2017.

A separate Order will **ISSUE**.

                                                                            **/s/**
                                                             **PETER J. MESSITTE**
                                         **UNITED STATES DISTRICT JUDGE**

November 21, 2017